UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

ERA AVIATION, INC.,

    Debtor.

Case No. A05-02265-DMD
Chapter 11

**Filed On 1/6/06**

## MEMORANDUM REGARDING CASH COLLATERAL

11 U.S.C. § 363(c)(2) provides that a debtor may not use a creditor's cash collateral without the creditor's consent or a court order after notice and a hearing. A creditor is entitled to adequate protection of its interest in cash collateral in accordance with 11 U.S.C. § 361. Here the debtor seeks to use approximately $1,150,000.00 of CapitalSource's cash collateral over a three week period. CapitalSource opposes the motion on a variety of grounds.

The debtor alleges that CapitalSource is well secured. I agree. The debtor owes CapitalSource approximately $12,200,000.00 as of the hearing date. I find the fair market value standard appropriate for valuation of the debtor's assets at this stage of the proceedings. I reject use of the forced sale or orderly liquidation values. The fair market value of the debtor's secured assets are as follows:

|  |  |
|---|---|
| 9 Twin Otters | $ 8,000,000.00 |
| 3 Dash Eights | 3,250,000.00 |
| Rotable parts, inventory and spare engines | <u>3,567,000.00</u> |
| Sub-total | $14,817,000.00 |

|               |            |                |
|---------------|------------|----------------|
| Cash          |            | $ 2,100,000.00 |
| Accounts Receivable |      | 2,000,000.00   |
| Certificate   |            | 1,100,000.00   |
|               | Sub-total  | $ 5,100,000.00 |
|               | Total      | $ 19,917,000.00 |

Given CapitalSource's claim of $12,200,000.00, it's interest in the debtor's existing assets is adequately protected. It has a substantial equity cushion.[1]

Capital Source wants the debtor to commence interest payments to it. As noted in 3 COLLIER ON BANKRUPTCY, 15th Ed., ¶ 361.02[2][a]:

> The claim of an oversecured creditor will generally increase over time as it accrues interest under section 506(b). Even if the value of the property is constant, any equity cushion will decrease as the amount of the claim increases. Nevertheless, adequate protection is not intended to protect the creditor's right to continue to accrue interest. "[P]ut another way, the oversecured creditor's allowed secured claim for postpetition interest is limited to the amount that a creditor was oversecured at the time of the filing." Consequently, the creditor is not entitled to a constant equity cushion. Instead, a decrease of the equity cushion as interest accrues should not adversely affect the viability of the cushion, at least until the cushion becomes insufficient to continue to protect the petition date amount of the secured claim, if not more, against declines in the value of the property. An oversecured creditor is not entitled to receive periodic cash payments for accruing postpetition interest as part of that creditor's adequate protection in order to preserve the value of its equity cushion or otherwise. It is the decline in the value of the collateral against which protection is provided, not the perpetuation of the ratio of collateral to debt. [footnotes omitted.]

There is no reason for the debtor to make interest payments to CapitalSource at this time.

---

[1] *Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396 (9th Cir. 1984).

DATED: January 6, 2006.

BY THE COURT


/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:   C. Christianson, Esq.
D. Oesting, Esq.
J. Jonas, Esq.
M. Mills, Esq.
M. Schiller, Esq.
J. Ostrovsky, Esq.
J. Liu, Esq.
U.S. Trustee
         1/6/06