UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

ERA AVIATION, INC.,

    Debtor.

Case No. A05-02265-DMD
Chapter 11

**Filed On
1/25/06**

### MEMORANDUM RE: "STICKING POINT"

Counsel for the debtor has requested clarification with regard to paragraph two of this court's order of January 6, 2006. That paragraph stated: "CapitalSource is adequately protected by a substantial equity cushion. No additional liens or payments are required for purposes of adequate protection at this time." The debtor interprets this to mean that CapitalSource doesn't have a lien on post-petition cash, receivables and other cash assets. That interpretation is contrary to my intention.

CapitalSource requested interest payments from the debtor as a means of adequate protection. The debtor has unencumbered rolling stock that it values at $500,00.000. I did not require the debtor to make interest payments or encumber its rolling stock as adequate protection to CapitalSource. CapitalSource has a post-petition lien on the debtor's cash collateral through paragraph five of this court's cash collateral order of December 30, 2005. It was my intention that the post-petition lien continue in effect as adequate protection for use of all cash collateral from December 28, 2005, through January 27, 2006, but that no *new liens* against rolling stock or payments be required of the debtor.

DATED: January 25, 2006.

                                        BY THE COURT

                                        /s/ Donald MacDonald IV
                                        DONALD MacDONALD IV
                                        United States Bankruptcy Judge

Serve:      C. Christianson, Esq.
             M. Mills, Esq.
             J. Jonas, Esq.
             M. Schiller, Esq.
             D. Oesting, Esq.
             J. Ostrovsky, Esq.
             J. Liu, Esq.
             U. S. Trustee

             01/25/06