# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>ERA AVIATION, INC.,<br><br>       Debtor. | Case No. A05-02265-DMD<br>Chapter 11 [Lead Case]<br><br>JOINTLY ADMINISTERED |
| In re:<br><br>ERA AVIATION INVESTMENT GROUP, LLC,<br><br>       Debtor. | Case No. A05-02266-DMD<br>Chapter 11<br><br>**Filed On 3/23/06** |

## SECOND MEMORANDUM REGARDING CASH COLLATERAL

In a memorandum dated January 6, 2006,[1] I set forth my rationale for allowing the debtor to use $1.15 million of CapitalSource's cash collateral. The debtor now seeks to use an additional $517,950.00 worth of cash collateral for the period of March 24, 2006, through June 16, 2006. During the week of May 26, 2006, the debtor would use a combined total of $850,881.00 of CapitalSource's cash. This sum would decrease in ensuing weeks as additional receivables are collected.

In my January 6, 2006, memorandum, I found CapitalSource to be adequately protected and I reach the same conclusion now. The fair market value I utilized in my January 6 memorandum for the debtor's aircraft, rotable parts, inventory and spare engines remains the same today: $14.817 million. The debtor continues to maintain the fleet in excellent condition and there is virtually no deferred maintenance on the aircraft. CapitalSource contends that the debtor's receivables are overvalued. In my prior

---

[1] *See* Memorandum Regarding Cash Collateral, filed Jan. 6, 2006 [Docket No. 26].

memorandum I discounted the debtor's receivables to $2 million. Mr. Steve Jackson, a certified public accountant recently retained by the debtor as lead reorganization consultant, indicates a range of $2 to $3 million for the receivables is reasonable. The only change to my prior analysis is in the amount of cash on hand. During the week of May 26, 2006, the debtor's ending cash balance will dip to $180,000.00. But during that week, CapitalSource will have total collateral of $18,000,000.00 securing its claim of approximately $12.7 million. I find that CapitalSource is adequately protected. It retains a substantial equity cushion even during the worst cash flow week projected for the debtor. No interest payments or adequate protection payments are required under these circumstances. The rationale for my decision to permit the debtor's continued use of cash collateral remains unchanged.[2]

DATED: March 23, 2006.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:   C. Christianson, Esq.
M. Mills, Esq.
J. Jonas, Esq.
D. Oesting, Esq.
R. Polemeni, Esq.
K. Walsh, Esq.
J. Siemers, Esq.
U. S. Trustee

03/23/06

---

[2]*Pistole v. Mellor, (In re Mellor)*, 734 F.2d 1396, 1400-01 (9th Cir. 1984); 3 COLLIER ON BANKRUPTCY ¶ 361.02[2][a] (15th ed. revised 2006).

2