# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

**Filed On 9/28/06**

| | |
|---|---|
| In re:<br><br>ERA AVIATION, INC.,<br><br>Debtor. | Case No. A05-02265-DMD<br>Chapter 11 [Lead Case]<br><br>JOINTLY ADMINISTERED |
| In re:<br><br>ERA AVIATION INVESTMENT GROUP, LLC,<br><br>Debtor. | Case No. A05-02266-DMD<br>Chapter 11 |

## FOURTH MEMORANDUM REGARDING CASH COLLATERAL

The debtor has moved for use of cash collateral from September 29, 2006, through the conclusion of the chapter 11 case. CapitalSource opposes the motion. I will allow the debtor to use CapitalSource's cash collateral through January 5, 2007, without further monthly adequate protection payments.

In my first two cash collateral memoranda I used a going concern valuation for the debtor's assets. Early on in this case, after hearings on January 4th and 5th of 2006, I found CapitalSource had an equity cushion of $7.7 million based on $19.9 million in assets securing its then $12.2 million debt. In my second memorandum, dated March 23, 2006,

after a further cash collateral hearing, I found CapitalSource adequately protected by collateral of $18 million securing a claim of $12.7 million. The debtor represented, in the course of the first and second cash collateral hearings, that an audited financial statement for 2005 would be finished by mid-May of 2006 and a draft plan of reorganization circulated by mid-June of 2006. The debtor did not fulfill its representations. Accordingly, after a third cash collateral hearing held July 11, 2006, I downgraded the value of ERA's assets to $14.4 million against CapitalSource's claim of $13 million and required monthly adequate protection payments.

Much has changed since that July 11, 2006, hearing. Era's audited financial statement for 2005 has been completed. The debtor has filed a plan of reorganization and a disclosure statement. The plan calls for a 100% payment to all creditors with undisputed claims. The plan is backed up by a detailed disclosure statement with meticulously prepared projections. Stephen Jackson, an expert in airline reorganizations employed by the debtor, has been very cautious in past hearings regarding the debtor's ability to reorganize. Jackson is now firm and unequivocal in his belief that the debtor's reorganization is both realistic and achievable. ERA's shareholders have agreed to contribute $2 million in equity to the reorganized debtor.

The debtor is moving forward rapidly to implement its plan. It has filed and noticed motions seeking to sell and trade its Twin Otters and purchase Beechcraft 1900Ds. It has an offer for $7.75 million for the purchase of five Twin Otter 300s with earnest money, as well as an offer of $1.453 million on a sale of one additional Twin Otter 300 to Addison

Jet Center of Texas. Era also has a proposal to trade three of its 100 and 200 series Twin Otters for $600,000.00 cash and a heavy check, which the debtor values at $550,000.00, on one of its Dash-8 aircraft. These sales are remarkable in that they indicate the market value of ERA's assets are substantially higher than estimated by either Capital Source's appraiser, Sage Popovich, or the court. Even more striking is the fact that ERA has achieved these sales without the heavy selling costs attributed to liquidation by Sage Popovich. If the sales are consummated, ERA will have the cash needed to purchase three reconditioned Beechcraft 1900Ds. ERA has entered into a contract with Raytheon to accomplish that goal. Given these circumstances, it is not appropriate to value ERA's assets on a discounted basis. They should be valued on a going concern basis and the valuation should reflect the prices that ERA has obtained in the open marketplace. My conclusions as to value, as of September 27, 2006, are as follows:

| Item | Value |
|---|---|
| 9 Twin Otters | $10,000,000.00 |
| 3 Dash-8s | 3,000,000.00 |
| Rotable parts, inventory and spare engines | 2,200,000.00 |
| Cash and Deposits | 1,800,000.00 |
| Accounts Receivable | 3,600,000.00 |
| Certificate | 1,100,000.00 |
| **Total Value** | **$21,700,000.00** |
| CapitalSource Claim | 13,600,000.00 |
| Loan-to-Value | 63% |
| **Equity Cushion** | 37% |

Given the bona fide offers Era now has for the purchase of its Twin Otters, the completion of audited financial statements, and the filing of a plan and detailed disclosure statement, the posture of this case has changed significantly since the last cash collateral hearing. ERA's motion for use of cash collateral will therefore be granted, in part, and the debtor will be permitted to use CapitalSource's cash collateral through January 5, 2007.

DATED: September 28, 2006.

                                       BY THE COURT

                                       /s/ Donald MacDonald IV
                                       DONALD MacDONALD IV
                                       United States Bankruptcy Judge

Serve:     C. Christianson, Esq.
             D. Oesting, Esq.
             J. Krause, Esq.
             E. Goldberg, Esq.
             M. Mills, Esq.
             J. Ostrovsky, Esq.
             J. Siemers, Esq.
             K. Hill, Esq.

             09/28/06